IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Mecca Wholesale, LLC | : | |
| *Plaintiff* | : | |
| v. | : | 2:17 - cv - 4862 |
| West Creek Financial, | : | |
| *Defendant* | : | DEC - 8 2017 |

## AMENDED COMPLAINT

There is no other civil action pending in this Court between the above captioned parties arising out of the same transaction or occurrence as alleged in this Complaint, nor has any action been previously filed and dismissed or transferred after having been assigned to a Judge. Plaintiff reserves the right to amend this Complaint.

## JURISDICTION AND VENUE

1.  Plaintiff, Mecca Wholesale LLC, is a limited liability company organized under the laws of the Commonwealth of Pennsylvania with a principal place of business at 101 E. Venango Street Philadelphia, Pennsylvania 19134.

2.  Defendant, West Creek Financial, Inc. is a corporation incorporated in the state of Virginia with principal place of business located at 4951 Lake Brooke Drive, Ste. 350, Glen Allen, Virginia, 29060.

3.  The merchandise which Defendant leased to its consumers was stored in a warehouse located at 101. E Venango St. Philadelphia Pennsylvania 19134.

4.  Defendant, West Creek Financial, Inc. (hereinafter "Defendant") by its conduct of business in the City and County of Philadelphia, is subject to jurisdiction and venue in the, Eastern District of Pennsylvania.

5.  The amount claimed for this dispute is in excess of Seventy-Five Thousand Dollars.

## GENERAL ALLEGATIONS

6. The Plaintiff, Mecca Wholesale, (hereinafter "Mecca") hereby incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 – 5.

7. On or about December 30, 2017, Plaintiff entered into an agreement with Defendant to sell retail furniture items to Defendant. The agreement is titled "Term Sheet." (See attached Exhibit "A")

8. Following the Term Sheet, Defendant entered into lease-to-own agreements with Furniture Mecca customers known as "Third Party Consumers."

9. Defendant assigned each approved lease a account identification number.

10. Defendant would direct Furniture Mecca to deliver furniture to the Third Party Consumers.

11. Pursuant to the Term Sheet, Defendant promised to pay for 100% of the merchandise purchase price within 48 hours of purchase. (See Exhibit "A" Paragraph 1 and 2.)

12. Relying on Defendant's promise to pay, Plaintiff released merchandise for delivery to Third Party Consumers.

13. Despite the passage of more than four months, more than seventy-five (75) leases remain unpaid by Defendant. (See Exhibit "B" Unpaid Leases)

14. The value of the unpaid leases exceeds Seventy-five Thousand Dollars.

## COUNT 1 – BREACH OF AGREEMENT TO PAY FOR GOODS

15. The Plaintiff Mecca, hereby incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 – 14.

16. On or about December 30, 2016, the Plaintiff entered into an agreement with Defendant for the sale of goods. (See Exhibit "A" Term Sheet)

17. Defendant promised to pay Plaintiff Mecca for the purchase of goods within 48 hours of purchase.

18. sold more than Seventy-Five Thousand ($75,000.00) Dollars of merchandise to Defendant per the agreement.

19. By not delivering payment within 48 hours of purchase, despite repeated written demand from Plaintiff Mecca, Defendant has breached the Term Sheet. (See Exhibit "B" Unpaid Leases)

**WHEREFORE**, Plaintiff demands judgment in its favor and against the Defendant in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus costs, fees, interest and other relief as this Court deems appropriate.

## COUNT 2- PROMISSORY ESTOPPEL

20. The Plaintiff Mecca, hereby incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 – 19.

21. Plaintiff has sold more than Seventy-Five Thousand Dollars ($75,000.00) worth of merchandise to Defendant and delivered the merchandise to Third Party consumers.

22. Plaintiff has made repeated written and electronic requests for payment of the amounts owed.

23. On July 31, 2017, Defendant, through its Chief Operating Officer Bob McCarthy, promised to make the payments on the outstanding accounts.

24. In reliance upon the Defendant's promises to pay, Plaintiff delivered furniture and related merchandise to Defendant's Third Party consumers.

25. Plaintiff can only be made whole by the Court's enforcement of Defendant's promise to pay more than Seventy-Five Thousand Dollars ($75,000.00) on the outstanding accounts.

**WHEREFORE**, Plaintiff demands judgment in its favor and against the Defendant in excess of Seventy-Five Thousand dollars ($75,000.00) plus costs, interests, fees and or other relief that the Court deems appropriate.

## COUNT 3 – ACCOUNTING

25. The Plaintiff, Furniture Mecca, hereby incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 – 25.

26. Plaintiff and Defendant have a contractual relationship whereby Plaintiff delivers furniture and related merchandise to Defendant's third party customers, who sign a lease to own contract with Defendant.

27. Despite approving leases to over 70 third party customers, Defendant has failed to compensate Plaintiff for the merchandise it purchased.

28. Defendant's Third Party Customer accounts adequately reflect delivery of Plaintiff's merchandise and payments made on the leases to own merchandise.

29. Plaintiff lacks an adequate remedy at law for assessing the accurate number of accounts outsanding.

**WHEREFORE**, Plaintiff demands judgment for an accounting in its favor and against the Defendant along with costs, fees, interest and other relief as the Court deems appropriate.

LAW & ASSOCIATES, L.L.C.

BY: _____
Tsiwen M. Law, Esquire
Attorney I.D. No: 40960
1617 John F. Kennedy Blvd
Suite 1055
Philadelphia, PA 19103
(215) 751-0500
(215) 751-0700 (fax)

# EXHIBIT "A"

# Term Sheet



**Overview:**
West Creek Financial desires to buy retail items from Seller, for the sake of entering into a lease-purchase agreement with third-party consumers, and Seller desires to sell such Products under the terms of this Agreement.

West Creek Financial and Seller agree to the following:

1. **Price.** West Creek Financial agrees to pay 100% of the purchase price of the item at the point of sale.

2. **Payment.** Unless otherwise agreed in writing, West Creek shall pay for all Products by electronic bank draft within 48 hours of purchase.

3. **Return Policy.** Seller agrees to honor their standard return policy, and provide the same quality customer service to West Creek's third-party consumers, as they would to those who purchased the item directly from Seller. Seller agrees to notify West Creek of any returns. Outside of Seller's standard return policy, Seller bears no liability for returns and West Creek has no recourse with the seller for returns. West Creek will handle any returns outside of Seller's standard return policy.

4. **Warranty and Liability.** Any products sold by Seller under this agreement are provided with a manufacturer's warranty. Seller makes no other warranties, whether express or implied, including, without limitation, the implied warranties of merchantability or fitness for a particular purpose.

5. **Non-exclusivity:** This agreement is non-exclusive, and Seller may choose to engage with other financial organizations who offer lease-purchase agreements. West Creek may also choose to engage with other retailers.

6. **Point of sale interface:** West Creek will provide Seller with their own customized retail interface/website, with a dedicated online URL. It is the Seller's responsibility to have internet access, and necessary infrastructure to input the consumer's application information into the computer for approval.

7. **Third-party consumer terms:** Third-party consumers will agree to make 12 monthly lease payments to West Creek. If all 12 payments are made on time, then the consumer will own the product at one year. Until that time, the item continues to be owned by West Creek. West Creek will also offer the consumer the option of "90 Days same as cash."

8. **Signage:** Seller agrees to display West Creek signage, making consumers aware of the lease-purchase option, and the payment terms.

9. **Fraud:** Seller agrees that in the case of employee/agent fraud (i.e. seller's employees or agents actively help fraudulent applications get approved), seller bears full responsibility for the fraud and will reimburse West Creek Financial for any costs incurred.

10. **Default of Payment/s.** There is no recourse to Seller should third-party default on payments to WCF except in case of employee/agent fraud per section 9.

corporate
(215)
532-1600

SELLER: A_____ BUYER: West Creek Financial, Inc.

Phone #: (267) 639-5960

By: mecca wholesale DBA/Furniture Mecca    By: _____

Printed Name: Agueel Ahmee    Printed Name: _____

Title: President    Title: _____

Date: 12/30/16    Date: _____

Buying Group: _____

Case ID: 170902858